UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WING SHING PRODUCTS (BVI) LTD., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION: 01 CIV. 1044(RJH) |
| SIMATELEX MANUFACTURING COMPANY, LTD., | * | (Hon. Richard J. Holwell) |
| | * | |
| Defendant. | * | |
| | * | |

## ANSWER

Pursuant to a ruling from the Court that Simatelex Manufactory Company, Ltd. (Simatelex) has preserved all of its defenses, to include those based on lack of jurisdiction, and that it will not be deemed to have waived them by filing an Answer, Simatelex hereby files this Answer to the Plaintiff's Complaint:

## NATURE OF THE ACTION

1.  It is admitted that Wing Shing Products (BVI) Ltd. (Wing Shing), has described this action in the terms expressed in paragraph 1, but as set out herein, Simatelex maintains that Wing Shing has no enforceable rights of any type against it.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## JURISDICTION VENUE

2. Denied.

3. Denied.

## PARTIES

4. Simatelex lacks sufficient knowledge or belief to either admit or deny the matters alleged in paragraph 4.

5. Admitted.

## FIRST CLAIM FOR RELIEF
## (PATENT INFRINGEMENT—35 U.S.C. § 271(A))

6. Wing Shing adopts and incorporates its responses to paragraphs 1 – 5 and restates them as if fully set out herein.

7. Denied.[1]

---

[1] Simatelex, as set out herein, denies that the Bankruptcy Court's findings in *In re AI Realty Marketing of New York*, 293 B.R. 586 (Bkrtcy. S.D.N.Y. 2003) and as reviewed by this Court in *Sunbeam Products, Inc. v. Wing Shing Products (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004), are binding as matters of res judicata or collateral estoppel against Simatelex.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

- 3 -

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## SECOND CLAIM FOR RELIEF

## (ACTIVELY INDUCING INFRINGEMENT—35 U.S.C. § 272(B))

14. Simatelex adopts and incorporates by reference its responses to paragraphs 1 – 13 and restates them as if fully set out herein.

15. Denied.

16. Denied.

17. Denied.

- 3 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

- 4 -

18.     Denied.

## WING SHING'S DEMAND FOR JUDGMENT

A.      Denied.  Wing Shing's request for a preliminary and permanent injunction has already been denied by this Court.

B.      Simatelex denies that Wing Shing is entitled to any relief of any nature against it, to include its claims for damages.

C.      Simatelex denies that Wing Shing is entitled to any relief of any nature against it to include its claims for damages.

D.      Simatelex denies that Wing Shing is entitled to any relief of any nature against it to include its claims for damages.

E.      Simatelex denies that Wing Shing is entitled to any relief of any nature against it.

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## AFFIRMATIVE DEFENSES

### First Defense

Wing Shing's Complaint and each and every count and allegation therein, separately and jointly, fail to state a claim on which relief can be granted.[2]

### Second Defense

The doctrine of exhaustion applies in this case because Wing Shing has already recovered full satisfaction from Sunbeam in the parallel litigation between those two companies.[3]

### Third Defense

Wing Shing's claims are barred by the doctrines of license, implied license, and/or patent exhaustion.

### Fourth Defense

The patent is invalid for failure to comply with the legal standards statutorily mandated by 35 U.S.C. § 101 et seq., including but not limited to, 35 U.S.C. §§ 102, 103 and 112.

### Fifth Defense

Wing Shing is guilty of laches thereby barring its recovery.[4]

---

[2] See the Motion to Dismiss previously filed by Simatelex.

[3] *See* note 1, *supra* and the cases cited therein.

[4] See this Court's and the Bankruptcy Court's holdings as to the laches issue, *supra* note 1 and the cases cited therein.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Sixth Defense

This action is barred by estoppel.[5]

Seventh Defense

Wing Shing has failed to mitigate its damages.

Eighth Defense

This Court lacks in personam jurisdiction over Simatelex.[6]

Ninth Defense

This Court lacks subject matter jurisdiction over Simatelex.[7]

Tenth Defense

Simatelex denies that it has been guilty of any acts or omissions that would warrant or authorize an award of punitive damages.

Eleventh Defense

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Simatelex under the CONSTITUTION OF THE UNITED STATES.

---

[5] *See* note 1, *supra* and the cases cited therein and the courts' treatment of Sunbeam's breach of contract argument.

[6] See the Motion to Dismiss previously filed by Simatelex.

[7] See the Motion to Dismiss previously filed by Simatelex.

- 6 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## Twelfth Defense

The punitive damages sought are in excess of comparable maximums established for criminal fines.

## Thirteenth Defense

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the CONSTITUTION OF THE UNITED STATES; of the right to counsel provided by the Sixth Amendment of the CONSTITUTION OF THE UNITED STATES; of the right to trial by jury of the Seventh Amendment of the CONSTITUTION OF THE UNITED STATES; of the proportionality principles contained in the Eighth Amendment of the CONSTITUTION OF THE UNITED STATES; the Due Process Clause of the Fourteenth Amendment of the CONSTITUTION OF THE UNITED STATES; and under applicable court rules and statutes for the following reasons, jointly and separately:

1. The standards provided for the imposition of punitive damages are not sufficiently specific and, therefore, Simatelex has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2. The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3. The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

4. There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Federal law;

5. The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6. The procedures used by the courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7. The procedures used by the courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

8. The procedures under which punitive damages are awarded and instructions used in the courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

9. Present Federal law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10. Present Federal law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11. Present Federal law does not provide for adequate and independent review by trial courts and the appellate courts of the imposition of punitive damages, or of the amount of any punitive damages, awarded by a jury;

12. Present Federal procedures fail to provide a constitutional and reasonable limit on the amount of any punitive damages award against Simatelex;

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

13. The present Federal procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

14. An award of punitive damages provides compensation for elements of damage not otherwise recognized by Federal law;

15. Present Federal procedures permit awards of punitive damages that constitute excessive fines;

16. An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case;

17. The present Federal procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages imposed and the alleged conduct of Simatelex or the compensatory damages awarded to Wing Shing, if any.

Fourteenth Defense

The imposition of punitive damages would deprive Simatelex of its rights to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the CONSTITUTION OF THE UNITED STATES for the following reasons, jointly and separately:

1. Punitive damages are sought in excess of the respective maximum fines established under Federal law, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the limited fines;

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2. The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4. Punitive damages are penal in nature and Simatelex, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### Fifteenth Defense

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others would violate the Fifth, Eighth and Fourteenth Amendments of the CONSTITUTION OF THE UNITED STATES.

### Sixteenth Defense

The assessment and adjudication against Simatelex of any punitive damages, other than those measured according to its sole, individual conduct, would be improper and impermissible.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

<u>Seventeenth Defense</u>

The imposition of punitive damages in this case would be unconstitutional under the Due Process Clause of the Fourteenth Amendment of the CONSTITUTION OF THE UNITED STATES for the following reasons, jointly and severally:

1. The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by Wing Shing;

2. The imposition of punitive damages in this case would constitute an arbitrary and capricious taking of Simatelex's property with no rationally stated purpose; and

3. Allowing an award of punitive damages with unfettered discretion would be inconsistent with due process.

<u>Eighteenth Defense</u>

The imposition of punitive damages in this case would be unconstitutional under the Fifth and Fourteenth Amendments of the CONSTITUTION OF THE UNITED STATES because punitive damages are penal in nature, and Simatelex is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

<u>Nineteenth Defense</u>

Wing Shing's claims for punitive damages are barred to the extent that they seek the admission into evidence of Simatelex's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in Simatelex's status rather than specific misconduct and, thus, have the effect of treating classes of

- 11 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the CONSTITUTION OF THE UNITED STATES.

### Twentieth Defense

The imposition of punitive damages in this case would be unconstitutional under the Due Process Clause of the Fourteenth Amendment of the CONSTITUTION OF THE UNITED STATES because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### Twenty-First Defense

The imposition of punitive damages in this case would be an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the CONSTITUTION OF THE UNITED STATES.

### Twenty-Second Defense

Any award of punitive damages to Wing Shing in this case would be in violation of Article 1, Section 10, Clause 1 of the CONSTITUTION OF THE UNITED STATES prohibiting laws which impair the obligation of contracts.

### Twenty-Third Defense

The imposition of punitive damages in this case would violate the Double Jeopardy Clause of the Fifth Amendment of the CONSTITUTION OF THE UNITED STATES as incorporated into the Fourteenth Amendment of the CONSTITUTION OF THE UNITED STATES.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

<u>Reservation of Rights</u>

Simatelex reserves the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

    <u>/s/ Orrin K. Ames, III</u>
    ORRIN K. AMES, III (AMESO3454)
    HAND ARENDALL, L.L.C.
    Post Office Box 123
    Mobile, AL  36601
    Tel:  (251) 432-5511
    DID:  (251) 694-6204
    Fax:  (251) 694-6375
    E-mail:  sames@handarendall.com

    <u>/s/ William Bradley Smith</u>
    W. BRADLEY SMITH (WS3773)
    HAND ARENDALL, L.L.C.
    Post Office Box 123
    Mobile, AL  36601
    Tel:  (251) 432-5511
    DID:  (251) 694-6246
    Fax:  (251) 694-6375
    E-mail:  bsmith@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 8th day of <u>August</u>, 2004, served copies of this Answer on the counsel whose names are listed below by facsimile and by placing copies in the United States mail, properly addressed and postage prepaid.

    <u>/s/ Orrin K. Ames, III</u>
    ORRIN K. AMES, III

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

- 14 -

<u>COUNSEL OF RECORD</u>:

William Dunnegan, Esq.
Ronald L. Zaslow, Esq.
Perkins & Dunnegan
720 5th Avenue
New York, NY  10019


panswer - wing shing

PDF created with FinePrint pdfFactory trial version www.pdffactory.com