UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
WING SHING PRODUCTS (BVI) LTD.,            :     01 Civ. 1044 (RJH)(HBP)
:
                Plaintiff,     :
:
     -against-                               :     **MEMORANDUM OPINION**
                                                             :     **AND ORDER**
:
SIMATELEX MANUFACTORY                      :
COMPANY, LTD.,                             :
:
                Defendant.     :
:
---------------------------------------------------------------x

      Plaintiff Wing Shing Products (BVI) Ltd. ("Wing Shing") filed this action on February 9, 2001 against defendant Simatelex Manufactory Co., Ltd. ("Simatelex"), seeking to enforce its rights in United States design patent No. 348,585 (the "Patent").[1] Wing Shing alleges both that Simatelex directly infringed the Patent in violation of 35 U.S.C. § 271(a), and that Simatelex induced Sunbeam Products, Inc. ("Sunbeam") to infringe the Patent in violation of 35 U.S.C. § 272(b). Wing Shing seeks actual and punitive damages, as well as costs and attorneys' fees.

      Simatelex has moved to dismiss the case for lack of jurisdiction, or, in the alternative, for summary judgment. Simatelex has also moved to (i) stay the proceedings pending the outcome of an appeal of a related case, *Sunbeam Products, Inc. v. Wing Shing Products (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004), currently before the Federal Circuit; (ii) amend its answer to add an advise of counsel defense, and (iii) strike certain

---

[1] According to the Complaint, the Patent was issued on July 12, 1994 to John C.K. Sham. (Compl., ¶ 7). Thereafter, Sham assigned the Patent to Wing Shing by agreement dated June 10, 1996. (Compl., ¶ 8).

1

expert testimony relied upon by Wing Shing in its motion for summary judgment. Wing Shing opposes these motions, and cross-moves for summary judgment.

For the reasons stated below, the Court grants Simatelex's motion to stay, with one exception, discussed more fully, *infra*. All other motions are denied without prejudice to renew following resolution of the appeal.

## DISCUSSION

In *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936), the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* Courts considering stay applications must "exercise [their] judgment" and "must weigh competing interests and maintain an even balance" before reaching a conclusion. *Id.* At all points during this process, the proponent of a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

Courts in this Circuit typically consider five factors when deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996) (citing *Volmar Distributors v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

Plaintiff argues that a stay is appropriate in this case pending resolution of a related appeal currently before the Federal Circuit, docketed as *Sunbeam Products, Inc. v.*

*Wing Shing Products (BVI) Ltd.*, Case No. 04-1526, 1536 (Fed. Cir.) (the "Sunbeam Appeal"). The Sunbeam Appeal is from a memorandum opinion and order of this Court, reported as *Sunbeam Products, Inc. v. Wing Shing Products (BVI) Ltd.*, 311 B.R. 378 (S.D.N.Y. 2004) (the "Sunbeam Action"), brought by Wing Shing against Sunbeam to enforce its rights in the Patent.

This Court, in turn, heard the Sunbeam Action on appeal from a ruling by the bankruptcy court of the Southern District of New York. In that case, *In re AI Realty Marketing of N.Y., Inc.*, 293 B.R. 586 (Bankr. S.D.N.Y. 2003) (the "Sunbeam Bankruptcy Action"), Judge Gonzalez found that the Patent was valid, that Sunbeam had no rights in the Patent, and that Sunbeam infringed the Patent. As a result, the bankruptcy court permanently enjoined Sunbeam from infringing the Patent and awarded damages to Wing Shing. Both parties appealed the Sunbeam Bankruptcy Action to this Court.

In the Sunbeam Action, this Court upheld the bulk of the bankruptcy court's finding, including, *inter alia*, the findings that (i) Sunbeam was not a joint inventor of the Patent; (ii) Sunbeam did not have joint ownership rights in the Patent; (iii) Sunbeam did not have a permanent exclusive license to the Patent; (iv) Wing Shing is not equitably estopped from enforcing the Patent vis-à-vis Sunbeam; and (v) the Patent is otherwise enforceable. 311 B.R. 378 at 388-99. Sunbeam appealed, and the case is now on appeal to the Federal Circuit. It has been fully briefed and is awaiting oral argument.

Although courts award stays in a wide variety of circumstances, they often do so when "a higher court is close to settling an important issue of law bearing on the action." *In re Literary Works in Electronic Databases Copyright Litigation*, 58 U.S.P.Q.2d 1317, 1319 (S.D.N.Y. March 1, 2001) (citing *Marshel v. AFW Fabric Corp.*, 552 F.2d 471 (2d

3

Cir. 1977); *Goldstein v. Time Warner New York City Cable Group*, 3 F.Supp.2d 423, 439 (S.D.N.Y. 1998)). Indeed, "[w]here it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even where the issues in the independent proceeding are not necessarily controlling of the action before the court." *In re Literary Works*, 58 U.S.P.Q.2d at 1319.

As Simatelex points out, at least three of the issues now before the Federal Circuit on the Sunbeam Appeal are potentially outcome determinative in this case. First, and most obviously, if the Federal Circuit finds that the Patent is unenforceable as a matter of law, all of Wing Shing's claims against Simatelex will fail because each is premised on the enforceability of the Patent. Similarly, Wing Shing's claims will fail if the Federal Circuit finds that Sunbeam was a co-inventor of the Patent, or otherwise has ownership rights to the Patent, and this Court determines that Simatelex manufactured the coffee makers at issue at Sunbeam's behest. Finally, Wing Shing's inducement claims will fail if the Federal Circuit finds that Wing Shing is equitably estopped from enforcing the Patent vis-à-vis Sunbeam. For all of these reasons, Simatelex argues that a stay is warranted pending resolution of the Sunbeam Appeal.

Having weighed the interests of the parties, the Court, and the public, the Court agrees. With respect to the rights of the plaintiff, the Court finds that a stay of several months will cause little prejudice or hardship to Wing Shing. This is not a case where "a litigant . . . . [is] be[ing] compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, at 255. Wing Shing is a party to the Sunbeam Appeal. Neither is this stay likely to be oppressive in its consequences. To the contrary, any loss caused by the stay will be monetary in nature, and therefore will be

4

susceptible to an award of interest.  Further, this is not to be a stay of indefinite duration – it will be lifted upon resolution of the Sunbeam Appeal, at which time the Court will promptly rule on the presently pending motions, subject to supplemental submissions regarding the Federal Circuit's decision.

The interests of the Court, the defendant, and the public also counsel in favor of a stay.  As noted, *supra*, several of the matters at issue on the Sunbeam Appeal go to the heart of Wing Shing's claims in this case.  To proceed under the circumstances would not be an efficient use of time and resources.  Although it is of course true that prompt enforcement of the patent laws benefits all who seek protection thereunder, it is undisputed that there is no ongoing harm here because Simatelex no longer manufactures the allegedly infringing coffee makers.  Accordingly, the Court finds that a stay will not damage the interest of the public.

For the foregoing reasons, the Court concludes that a stay within the bounds of moderation, automatically ending upon a decision by the Federal Circuit in the Sunbeam Appeal, is an appropriate exercise of discretion.  A stay of this sort "will [not] work damage" to Wing Shing of a degree sufficient to overcome the potential hardship on all parties should the stay be denied.  *Landis*, 299 U.S. at 255.  Defendant's motion for a stay is therefore granted, with one exception:  the case shall remain on the active docket for the limited purpose(s) of resolving the discovery dispute currently pending in the Southern District of Florida regarding subpoenas issued by Wing Shing, and, if those subpoenas are found to be enforceable, for the purpose of effectuating them.  For all other purposes, the case will be placed on the suspense docket until such time as the Sunbeam

Appeal has been resolved. The parties are directed to notify the Court within 20 days of the date of that decision.

All other pending motions are denied without prejudice to renew once the stay is lifted.

SO ORDERED

Dated: New York, New York
April 18, 2005

_____
Richard J. Holwell
United States District Judge